WILSON, J. (dissenting).
I join Judge Rivera's dissent but write separately to emphasize that the majority's decision violates Roe v. Flores-Ortega, 528 U.S. 470, 483, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). As in that case, "[t]oday's case is unusual in that counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself" ( id. at 483, 120 S.Ct. 1029 ).
Criminal defendants have a Sixth Amendment right to "consult" with their attorney "when there is reason to think ... that a rational defendant would want to appeal" ( id. at 480, 120 S.Ct. 1029 ). The Supreme Court "employ[ed] the term 'consult' to convey a specific meaning- **546 advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes" ( id. at 478, 120 S.Ct. 1029 ). The Flores-Ortega majority expected that "courts evaluating the reasonableness of counsel's performance using ***375 the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal" ( id. at 481, 120 S.Ct. 1029 [emphasis added] ).*
Mr. Arjune's case is among that vast majority. Mr. Arjune, a lawful permanent resident with cognitive impairments who defended himself against a group of attackers with a drywall knife that he carried for work, made the mistake of hiding the knife in fright. The day after his conviction, his trial counsel filed a notice of appeal and then walked away from all further obligation to or communication with Mr. Arjune. When he, and not Mr. Arjune, received in the mail the People's motion to dismiss the appeal for failure to timely perfect, he made no attempt even to contact Mr. Arjune or Mr. Arjune's parents, *1227 who had paid for his trial representation of their son. His actions left Mr. Arjune ignorant of his appellate rights and bereft of meaningful counsel.
Even if we assume that Mr. Arjune was handed a court-issued form notice of appeal, with "paperwork to follow," Flores-Ortega contemplated and rejected such a scenario as insufficient to avoid constitutional violation. The Supreme Court considered a circumstance in which "a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information" ( id. at 479-480, 120 S.Ct. 1029 ). That hypothetical situation differs materially from the one before us. Leaving aside that Mr. Arjune does not recall receiving the written notice, that the notice he may have received is not in the record, and that he is borderline illiterate (which his trial counsel surely knew), the sample of the type of form the People say he likely received is not remotely sufficient "to substitute for counsel's duty to consult" (id. ). Remember, "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal"; no one contends the standard form does so. Flores-Ortega's example, coupled with its holding, strongly suggests the Supreme Court of the United States would have unanimously reinstated Mr. Arjune's appeal.
***376 In short, at the conclusion of his trial, Mr. Arjune was denied the protections of the Constitution. Today, he-like all other defendants whose trial counsel believe that they may leave their clients unadvised and unrepresented in considering whether, when, and how to appeal-is denied them again by this Court despite the imperatives of justice and the dictates of the Supreme Court.
Chief Judge DiFIORE and Judges FAHEY, GARCIA and FEINMAN concur; Judge RIVERA dissents in an opinion, in which Judge WILSON concurs in a separate dissenting opinion.
Order affirmed.

The concurring justices preferred a still more stringent inquiry, but agreed attorneys must "almost always" consult with their clients and can "hardly ever" leave a defendant uncounseled about his appeal rights (Flores-Ortega, 528 U.S. at 488, 120 S.Ct. 1029 [Breyer, J., concurring]; id. at 494, 120 S.Ct. 1029 [Ginsburg, J., concurring] ).